IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAED M. SALEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 0452 |
| | ) |
| BRUCE VILLANOVA and | ) |
| OFFICER JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Bruce Villanova ("Villanova"), one of the two defendants in the Amended Complaint ("AC") filed by appointed counsel for Raed Saleh ("Saleh") in this 42 U.S.C. § 1983 ("Section 1983")[1] action, has filed his Answer to the AC.[2] This brief memorandum order is issued sua sponte to address a problematic aspect of Villanova's Answer.

Here are Complaint ¶ 8 and Villanova's Answer:

To the extent required, Plaintiff has exhausted his administrative remedies to the best of his ability by pursuing the appropriate processes within the CCDOC with respect to the claims set forth herein.

ANSWER: Defendant denies the allegations contained in this paragraph.

---

[1] Further references to Title 42's provisions will simply take the form "Section --," omitting the prefatory "42 U.S.C."

[2] Because the other defendant is an unidentified correctional officer ("Officer John Doe"), this Court is unaware as to the progress (or lack of progress) that has taken place in identifying that officer so that process may be served and this action can proceed in those terms. Nor has this Court been apprised as to whether, as might be expected, the Cook County State's Attorney's Office will also be representing.

If Saleh has not in fact exhausted his administrative remedies, that is of course a predicate for dismissal of his action under Section 1997e(a).

That being so, it is simply bad practice for defense counsel to raise the issue in a responsive pleading without bringing it on for consideration by a properly supported threshold motion. That failure is akin to asserting the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion as an affirmative defense and letting it sit there, ticking like a delayed time bomb to be exploded at some future date. Accordingly this Court expects Villanova's counsel to raise the failure-to-exhaust issue in an appropriate way promptly. Failure to do so will cause that potential defense to be forfeited.[3]

                                                                       */s/ William D. Shadur*
                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date: June 29, 2015

---

[3] It should be added that some of the denials contained in the Answer appear questionable, but that subject will be left to be addressed by Saleh's counsel -- any sua sponte judicial action would appear inappropriate.